```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     EL DORADO DIVISION
```

DOUG AND LINDA MCCOY                                      PLAINTIFFS

VS.                         Civil No. 07-1014

AUGUSTA FIBERGLASS COATINGS, INC.                          DEFENDANT

AMICUS MUTUAL INSURANCE COMPANY                           INTERVENOR

## JUDGMENT

On the 23rd day of June 2008, this matter came on for trial to a duly selected jury consisting of eight members, the Honorable Robert T. Dawson presiding. The trial continued until June 25, 2008, when the case was submitted to the jury on interrogatories and a unanimous verdict was reached as to each interrogatory as follows:

**INTERROGATORY NO. 1:** DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT MANUFACTURED THE FIBERGLASS TANK IN A DEFECTIVE CONDITION, RENDERING IT UNREASONABLY DANGEROUS, WHICH WAS A PROXIMATE CAUSE OF ANY DAMAGES?

    ✓         YES

   _____      NO

**INTERROGATORY NO. 2:**

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THERE WAS NEGLIGENCE ON THE PART OF DEFENDANT, WHICH WAS A PROXIMATE CAUSE OF ANY DAMAGES?

    ✓         YES

   _____      NO

**INTERROGATORY NO. 3:**

USING 100% TO REPRESENT THE TOTAL RESPONSIBILITY OF THE OCCURRENCE AND ANY INJURIES OR DAMAGES RESULTING FROM IT, APPORTION THE RESPONSIBILITY BETWEEN THE PARTIES WHOM YOU HAVE FOUND TO BE RESPONSIBLE.

WE THE JURY APPORTION THE FAULT AS FOLLOWS:

| | |
|---|---|
| PLAINTIFF | __10__% |
| DEFENDANT | __70__% |
| LION OIL COMPANY | __20__% |
| TOTAL | 100% |

**INTERROGATORY NO. 4:**

STATE THE AMOUNT OF COMPENSATORY DAMAGES, IF ANY, THAT YOU FIND FROM THE PREPONDERANCE OF THE EVIDENCE SHOULD BE AWARDED TO **DOUG MCCOY** FOR EACH ELEMENT OF DAMAGES LISTED BELOW WITHOUT MAKING ANY ADJUSTMENT IN ACCORDANCE WITH YOUR ANSWER TO INTERROGATORY NO. 3:

(A)   MEDICAL EXPENSES:    $67,277.58 (Stating the amount, or, if none, write the word "none.")

(B)   OTHER COMPENSATORY
      DAMAGES:             $396,500.00 (Stating the amount, or, if none, write the word "none.")

TOTAL:   $**463,777.55**

**INTERROGATORY NO. 5:**

STATE THE AMOUNT OF COMPENSATORY DAMAGES, IF ANY, THAT YOU FIND FROM THE PREPONDERANCE OF THE EVIDENCE SHOULD BE AWARDED TO **LINDA MCCOY:**

$25,000.00 (Stating the amount, or, if none, write the word "none.")


Section 16-55-201 of the Arkansas Code provides that the liability of a defendant for compensatory damages shall be several, not joint, and a defendant is liable only for damages allocated to it in direct proportion to that defendant's percentage of fault. The jury determined that Defendant was seventy-percent (70%) at fault in this case. Accordingly, the Court will reduce the jury's damages awards accordingly.

In accordance with this verdict, it is HEREBY ORDERED AND ADJUDGED that Plaintiffs Doug and Linda McCoy should have and recover of and from Defendant compensatory damages in the amount of $324,644.31 and $17,500.00, respectively, plus interest from the date of this judgment until paid at the current post-judgment interest rate of 2.46% per annum. Plaintiffs' counsel is directed to file any request for allowable costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and Title 28, Section 1920 of the United States Code.

Further, the Court has been advised that the Intervenor has settled its claim with Plaintiffs and has received partial

satisfaction of the settlement amount to date.  The Court will retain jurisdiction of this matter for a period of thirty (30) days to enforce the settlement should the claim not be resolved to the satisfaction of the parties.

    IT IS SO ORDERED this 2nd day of July 2008.

                                        */s/ Robert T. Dawson*
                                        Honorable Robert T. Dawson
                                        United States District Judge

**AO72A**
**(Rev. 8/82)**